IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER WILKS                                                                          PLAINTIFF

V.                              CASE NO. 4:19-cv-00719 JM

CITY OF LITTLE ROCK, *et al*.                                                          DEFENDANTS

# ORDER

Plaintiff Christopher Wilks, in custody at the Sheridan City Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and application for leave to proceed *in forma pauperis*, which has been granted. (Doc. Nos. 1, 2, 3).

## I.      Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570.

However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

**II. Discussion**

Wilks's claims arise out of a no-knock warrant executed at his residence on October 12, 2016. (Doc. No. 2). Wilks alleges that the information in the affidavit in support of the warrant contained false information. (*Id*.) He maintains that his home was unlawfully searched and that he was unlawfully charged and incarcerated based on items found during the search. (*Id*.) Wilks's state criminal charges were dismissed just after the federal charges against him were filed. (*Id*. at 18). *See also United States v. Wilks*, 4:18-cv-00334-JM (E.D. Ark.). Wilks is still awaiting trial on the federal charges. Because the criminal charges against him are pending, Wilks's civil case will be stayed until the criminal charges have been resolved. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

**III. Conclusion**

IT IS THEREFORE ORDERED THAT:

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Wilks's federal criminal charges.

2. Wilks may file a motion to reopen this case after such final disposition.

3. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order is considered frivolous and not in good faith.

IT IS SO ORDERED this 21st day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE